1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL WU,                                     No.  2:13-cv-1686 CKD P

12                    Plaintiff,

13          v.                                        ORDER

14    D. ANTHONEY.,

15                    Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20    Plaintiff has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule

21    302.  (ECF No. 4.)

22          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23    1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

26    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

27    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

28    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1

1    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3           The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15          In order to avoid dismissal for failure to state a claim a complaint must contain more than

16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

20   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

23   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

24   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

25   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26   U.S. 232, 236 (1974).

27          The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails

28   to state a claim upon which relief can be granted.  As the court further concludes that leave to

2

1   amend would be futile, the court will dismiss this action.  See Steckman v. Hart Brewing, Inc.,

2   143 F.3d 1293, 1298 (9th Cir. 1998) (court need not grant leave to amend if amendment would be

3   futile).

4           In accordance with the above, IT IS HEREBY ORDERED that:

5           1.  Plaintiff's request for leave to proceed in forma pauperis (ECF. No. 9) is granted.

6           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

7   shall be collected and paid in accordance with this court's order to the Director of the California

8   Department of Corrections and Rehabilitation filed concurrently herewith.

9           3.  Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be

10  granted;

11          4.  All pending motions (except plaintiff's motion to proceed in forma pauperis) are

12  denied as moot; and

13          5.  The Clerk of Court shall close this action.

14  Dated:  October 10, 2013

15  _____
    CAROLYN K. DELANEY

16  UNITED STATES MAGISTRATE JUDGE

17

18

19

20  2 / wu1685.14.new

21

22

23

24

25

26

27

28

3